# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 15-30602
Summary Calendar

────────

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2016

Lyle W. Cayce
Clerk

OSPREY UNDERWRITING AGENCY, LIMITED, for and on behalf of Certain
Underwriters at Lloyd's of London; C & J CROWN POINT, L.L.C.; CROWN POINT HOLDINGS, L.L.C.,

　　　　Plaintiffs - Appellants

v.

NATURE'S WAY MARINE, L.L.C. et al

　　　　Defendants

-------------------------------------------------

CHAD DARDAR

　　　　Plaintiff - Appellee

v.

CROWN POINT HOLDINGS, L.L.C; C & J of CROWN POINT, L.L.C.

　　　　Defendants - Appellants

-------------------------------------------------

INDIAN RIVER TRANSPORTATION, INC.

　　　　Plaintiff

v.

No. 15-30602

NATURE'S WAY COMMANDER M/V, in rem; NATURE'S WAY MARINE, L.L.C.

Defendants -Appellees

———————————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-211

———————————

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

The *M/V Natures Way Commander* (the "*Commander*"), a vessel owned by Defendant-Appellee Nature's Way Marine ("Nature's Way"), was negligently grounded near the mouth of a slip controlled by Crown Point Holdings, L.L.C. ("Crown Point").  After the grounding, another vessel, the *M/V Port Gibson* (the "*Port Gibson*"), sank to the bottom of the slip and pulled another ship, the Dredge *Buccaneer* (the "*Buccaneer*"), down with it.  Crown Point, as owner and operator of both ships, undertook the salvage operation. Plaintiff-Appellant Osprey Underwriting Agency, Ltd. ("Osprey"), Crown Point's insurer, paid the related expenses.  Osprey then sued Nature's Way, arguing that Nature's Way's negligence caused the sinking of the *Port Gibson* and the *Buccaneer*.  Following a bench trial, the district court found that Nature's Way was not liable.  Because we conclude that the district court's factual findings were not clearly erroneous, we AFFIRM.

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30602

I.

On March 17, 2012, the *Commander* was headed eastbound near Crown Point, Louisiana, when it ran aground in the mouth of a narrow channel controlled by Crown Point. The *Port Gibson* and the *Buccaneer*, two vessels owned and operated by Crown Point, were moored in the channel at the time of the grounding. After the grounding, the *Commander* performed a number of engine maneuvers in an attempt to free itself. With the help of Crown Point's owner, Joe Dardar, the crew of the *Commander* was able to free the ship. However, Osprey contends that the *Commander*'s engine maneuvers created "extreme wave wash" that broke the mooring lines of Crown Point's vessels and grounded them on an unimproved mud bank.

Several days after the grounding, on March 21, the *Port Gibson* began to take on water and sink, pulling the *Buccaneer* down with it. After raising the ships, the parties discovered that the *Port Gibson*'s hull had been punctured by a protruding bolt from a large piece of timber. Both parties generally agree that this hull puncture caused the *Port Gibson* to sink.

Both the *Port Gibson* and the *Buccaneer* were covered by a marine hull insurance policy underwritten by Osprey. Under the policy, Osprey paid for Crown Point's salvage expenses and reimbursed Crown Point for the actual damages that the vessels sustained as a result of sinking. As subrogee to Crown Point's rights against Nature's Way, Osprey filed suit, contending that Nature's Way negligently grounded the *Commander* and caused the sinking of both of Crown Point's vessels.

A bench trial followed. In its post-trial findings, the district court explained that Osprey failed to prove a necessary element of its claim against Nature's Way: that the grounding of the *Commander* caused the sinking of the *Port Gibson* and the *Buccaneer*. The district court further found that even if Osprey met this causation burden, the failure of Crown Point's owner Joe

3

No. 15-30602

Dardar and his employee Chad Dardar (the "Dardars") to warn anyone of the timber impaled in the hull was a superseding cause of the sinking.

Osprey timely appeals, contending that the district court erred in finding that (1) Osprey did not establish that the grounding of the *Commander* caused the sinking of the *Port Gibson* and the *Buccaneer*, and (2) the Dardars knew that the timber had impaled the *Port Gibson* and that their failure to respond prudently was a superseding cause of the sinking.

## II.

"The standard of review for a bench trial is well-established: findings of fact are reviewed for clear error and legal issues are reviewed *de novo*." *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015) (citation and internal quotation marks omitted). In a bench trial under maritime law, "a district court's findings concerning negligence and causation are findings of fact" and are thus reviewed for clear error. *Ledet v. Smith Marine Towing Corp.*, 455 F. App'x 417, 421–22 (5th Cir. 2011) (quoting *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 303 (5th Cir. 2008)).

A trial judge's factual finding "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Guzman*, 808 F.3d at 1036 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). When reviewing for clear error, "[w]e entertain a strong presumption that the court's findings must be sustained even though this court might have weighed the evidence differently." *Johnson*, 544 F.3d at 303; *see also Guzman*, 808 F.3d at 1036 ("This standard plainly does not entitle this court to reverse the findings of the trial judge simply because we are convinced that we would or could decide the case differently."). The district court's findings need only be "plausible in light of the record viewed in its entirety" to survive review. *Anderson*, 470 U.S. at 574.

No. 15-30602

## III.

We analyze maritime tort cases using general principles of negligence law. *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000). "To establish maritime negligence, a plaintiff must 'demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury.'" *Id.* (alteration in original) (quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)). Under general maritime law, "a party's negligence is actionable only if it is a 'legal cause' of the plaintiff's injuries." *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992). "[L]egal cause is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury." *Id.* (alteration in original) (citation and internal quotation marks omitted). "The term 'substantial factor' means more than 'but for the negligence, the harm would not have resulted.'" *Id.* (citation and internal quotation marks omitted).

The parties generally do not dispute that the bolt-studded timber punctured the *Port Gibson*'s hull and caused that ship to take on water and sink. But, for Nature's Way to be liable, Osprey must establish that this hull puncture was caused by the negligent grounding[1] and post-grounding maneuvering of the *Commander*.[2] *See Marquette Transp. Co. v. La. Mach. Co.*,

---

[1] Nature's Way has stipulated that the grounding of the *Commander* was due to its negligence.

[2] In its briefing, Osprey largely asserts that the district court's ruling was based on the doctrine of superseding cause and thus argues that the court clearly erred in finding that the Dardars' failure to warn of the timber impaled in the *Port Gibson* was a superseding cause of the ships' sinking. In contrast, Nature's Way contends that the district court found that Osprey failed to meet its burden of proof as to causation and its superseding cause finding was not necessary to the judgment. Our review of the district court's judgment confirms Nature's Way's reading: the district court noted throughout its opinion that neither side had proven how the *Port Gibson*'s hull was punctured. We thus address whether this factual finding is clearly erroneous.

No. 15-30602

367 F.3d 398, 402 (5th Cir. 2004) (noting plaintiff's burden to prove "causation by a preponderance of the evidence"). The district court found that Osprey failed to meet this burden, noting that "there is insufficient evidence, from either side, to credibly establish by a reasonableness standard when, where, or how the hull impalement occurred."

Osprey contends that the district court's factual finding is clearly erroneous. We disagree. In support of its contention, Osprey notes that two of its experts, Arnold Lachmann and John Pope, testified that they believed that the timber impaled the *Port Gibson*'s hull as a result of a breakaway caused by the grounding and maneuvering of the *Commander*. However, Nature's Way's expert, Mark Shiffer, vehemently disagreed. Shiffer testified that he did not believe the described events could create a sufficient vertical force to impale the ship's hull. And indeed, Shiffer insisted that the "vertical puncture" of the ship's hull could not be reconciled with the horizontal movement of the boat. Faced with this battle of experts as to the cause of the hull puncture, the district court did not clearly err in determining that Osprey failed to meet its causation burden. *See Guzman*, 808 F.3d at 1036 ("[T]he great deference owed to the trial judge's findings compels the conclusion that '[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" (quoting *Anderson*, 470 U.S. at 575)). Our review of the record does not leave us with the definite and firm conviction that the district court made a mistake. *See id.*

Because the district court did not clearly err in finding that Osprey failed to prove causation, we need not reach its superseding cause finding.

IV.

Under our clear-error standard of review, we decline to second-guess the district court's permissible choice between conflicting expert testimony. The judgment of the district court is AFFIRMED.